IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CANON FINANCIAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GR GRAPHICS, INC., <br><br> Defendant. | HON. JEROME B. SIMANDLE <br><br> Civil No. 10-3946 (JBS/JS) <br><br> **OPINION** |

**SIMANDLE**, District Judge:

    This matter is before the Court on Defendant GR Graphics, Inc.'s motion to transfer the case to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a). [Docket Item 4.] Because the parties' forum selection agreement permits the action to be filed in this Court and waives any objection to this venue, the principal issue is whether Defendant has shown that litigation in this forum would be "so gravely difficult and inconvenient" that Defendant "will for all practicable purposes be deprived of his day in court," unless the action is transferred. See Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)); International Business Software Solutions, Inc. v. Sail Labs Technology, AG, 440 F. Supp. 2d 357, 362 (D.N.J. 2006) (applying Foster). The Court finds as follows:

    1. On or about July 16, 2009, Plaintiff Canon Financial

Services, Inc. entered into an equipment lease with Defendant GR Graphics, Inc. for Defendant's acquisition of a Canon 1125 Image Press and Canon IR 7095 Copier.  According to Plaintiff, in October 2009, Defendant ceased making payments under the Lease Agreement.  As a result, Plaintiff alleges that it is owed $234,141.24 under the contract.  Plaintiff filed this case in New Jersey state court, and Defendant thereafter removed the Complaint to this Court.

    2.  Defendant argues that this case should be transferred to the United States District Court for the Middle District of Florida because Defendant is a Florida Corporation with its principal place of business in Tampa, Florida, and a substantial part of the events or omissions giving rise to the claim have occurred in Tampa, Florida.  Defendant alleges that the equipment subject to the Lease Agreement is located there; all vital witnesses and evidence are there or near there; and the lease and all other relevant agreements were negotiated and signed there.

    3.  The Lease Agreement contained a forum selection clause. It states:

> 30. GOVERNING LAW; VENUE; WAIVER OF JURY TRIAL: THIS AGREEMENT HAS BEEN EXECUTED BY CFS IN, AND SHALL FOR ALL PURPOSES BE DEEMED A CONTRACT ENTERED INTO IN, THE STATE OF NEW JERSEY, THE RIGHTS OF THE PARTIES UNDER THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW JERSEY WITHOUT REFERENCE TO CONFLICT OF LAW PRINCIPLES. ANY ACTION BETWEEN CUSTOMER AND CFS SHALL BE BROUGHT IN ANY STATE OR FEDERAL COURT LOCATED IN THE COUNTY OF

>> CAMDEN OR BURLINGTON, NEW JERSEY, OR AT CFS' SOLE OPTION, IN THE STATE WHERE THE CUSTOMER OR THE EQUIPMENT IS LOCATED. CUSTOMER, BY ITS EXECUTION AND DELIVERY HEREOF, IRREVOCABLY WAIVES OBJECTIONS TO THE JURISDICTION OF SUCH COURTS AND OBJECTIONS TO VENUE AND CONVENIENCE OF FORUM. CUSTOMER, BY ITS EXECUTION AND DELIVERY HEREOF, AND CFS, BY ITS ACCEPTANCE HEREOF, HEREBY WAIVES ANY RIGHT TO A JURY TRIAL IN ANY SUCH PROCEEDINGS.

(Martin Cert. ¶ 4.)

    4.   In The Bremen v. Zapata Off-Shore Co., an admiralty case, the United States Supreme Court held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  407 U.S. 1, 10 (1972).  A forum selection clause will not determine the forum if it is "unreasonable," which requires a "strong showing" either (1) that the forum thus selected is "so gravely difficult and inconvenient" that the defendant "will for all practicable purposes be deprived of his day in court" or (2) that the clause was procured through "fraud or overreaching." The Bremen, 407 U.S. at 15, 18.

    5.   In Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988), a diversity case, the Supreme Court held forum selection clauses are to be considered among the various public and private factors contained in 28 U.S.C. § 1404(a) in determining whether to transfer a case.  Id. at 32 ("The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive

3

consideration, nor no consideration, but rather the consideration for which Congress provided in § 1404(a)."). Some courts and commentators have seen Stewart as limiting The Bremen to admiralty cases, or otherwise narrowing its holding. However, Justice Kennedy's concurrence in Stewart makes clear that this was not the intention. See Stewart, 487 U.S. at 33 (Kennedy, J., concurring). More importantly for our purposes, the Third Circuit's post-Stewart cases have continued to require the kind of inconvenience identified in The Bremen in order to warrant non-enforcement of a forum selection clause. Foster, 933 F.2d at 1219; MoneyGram Payment Systems, Inc. v. Consorcio Oriental, 65 Fed. App'x 844, 846 (3d Cir. 2003); Feldman v. Google, Inc., 513 F. Supp. 2d 229, 246 (E.D. Pa. 2007).

6. Thus, the framework as laid out in The Bremen and Stewart and as explained by the Third Circuit Court of Appeals is that 28 U.S.C. § 1404(a) governs transfer, and this Court is to analyze the factors relevant to § 1404(a) in light of the weight to be applied to a forum selection clause under The Bremen and Stewart. Section 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). When a plaintiff has selected a forum that is also the forum called for by a valid forum selection clause, the host of

4

private and public considerations that courts ordinarily take into account when ruling on § 1404(a) motions must be extraordinarily compelling in favor of transfer to result in transfer.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995) (outlining factors to be considered); see also Stewart, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring) (stating that "a valid forum selection clause [should be] given controlling weight in all but the most exceptional case").  A movant seeking to transfer an action to somewhere other than the venue provided for in a forum selection clause must "bear the burden of demonstrating why they should not be bound by their contractual choice of forum."  Jumara, 55 F.3d at 880.  Because Defendant does not contend that the forum selection clause is invalid, Defendant must show that the factors counseling for transfer amount to inconvenience that is so severe that Defendant "will for all practicable purposes be deprived of his day in court" unless the venue is transferred.  The Bremen, 407 U.S. at 15, 18.

    7.  The Court must consider all relevant public and private interests in favor of an opposition to transfer.  Jumara, 55 F.3d at 879.  The private interests include (1) the preferences of the parties; (2) where the claim arose; (3) the convenience of the parties as indicated by their relative physical and financial condition; (4) the extent to which any witnesses might not be

available for trial in the chosen forum; and (5) the extent to which books and records could not be produced in the chosen forum.  Id. at 879.  The public interests include: (1) the enforceability of the judgment; (2) practical considerations of the trial; (3) court congestion; (4) local interest in deciding local controversies; (5) public policies of the fora; (6) and familiarity of the trial judge with the applicable state law in diversity cases.  Id. at 879-80 (citations omitted).  Plaintiff does not dispute that this case could have been brought in Defendant's desired forum were it not for the forum selection clause; indeed, the forum selection clause gave to Plaintiff, but not to Defendant, the option of filing this case in Florida, "where the customer or equipment is located."  (Martin Cert. ¶ 4.)

8.  Here, Defendant has not argued that any witnesses or evidence would be unavailable, but merely that it will be more inconvenient to transport them here.  The preferences of the parties were contracted to in the forum selection clause, and Plaintiff also selected the current forum in filing the action here.  The judgment is enforceable if rendered in this forum, and neither court congestion nor the practical considerations of trial weigh in favor of transfer.  And since the forum selection clause also provides for application of New Jersey law, if anything the familiarity of the trial judge with the applicable

6

state law weighs against transfer.  Thus, the only factors weighing or potentially weighing in favor of transfer are the fact that the machine securing the financing is in Florida, the fact that Florida may therefore have some interest in resolving it, and the inconvenience of litigating the case in a forum at a distance from some of the evidence and witnesses.  These factors are not sufficient to override the forum selection clause.  See Cent. Contracting Co. v. Maryland Casualty Co., 367 F.2d 341, 344 (3d Cir. 1966) ("Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that plaintiff received under the contract consideration for these things.  If the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action, then plaintiff should be bound by his agreement.").  Indeed, they do not even approach a showing that Defendant "will for all practicable purposes be deprived of his day in court" unless the venue is transferred.  Foster, 933 F.2d at 1219 (quoting The Bremen, 407 U.S. at 15, 18).

    9.   In support of their motion, Defendant point to Canon Financial Services, Inc. v. JL Barrett Corp., Civil Action No. 10-4117 (RMB/KMW), 2010 WL 4746242 (D.N.J. Nov. 16, 2010).  In that case, the Court decided that an identical forum selection clause did not prevent transfer to another district on very similar facts.  Id. at *4-5.  However, JL Barrett assessed the private and public factors counseling for transfer without

reference to the teachings of <u>Foster v. Chesapeake Ins. Co., Ltd.</u>, 933 F.2d 1207, 1219 (3d Cir. 1991) with respect to the showing necessary to overcome a valid forum selection clause. Additionally, the holding depended on the Court having found it significant that a related action was pending in the transferee venue, <u>JL Barrett</u>, 2010 WL 47462642, at *3, while no such litigation exists in Florida in the present circumstance.  This Court is not persuaded by that decision that transfer is warranted in this case.

    Consequently, the motion will be denied.  The accompanying order will be entered.


**February 18, 2011**                     **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                                 United States District Judge